**Davis Miles**
**McGuire Gardner**

80 E. Rio Salado Pkwy., Ste. 401
Tempe, AZ  85281
Telephone:  (480) 733-6800
Fax: (480) 733-3748
efile.dockets@davismiles.com

Joshua W. Carden, SBN: 02168
jcarden@davismiles.com
*Attorneys for Plaintiff Kelli Cline*

## UNITED STATES DISTRICT COURT OF ARIZONA

## DISTRICT OF ARIZONA

| | |
|---|---|
| Kelli Cline, an individual, | **CASE NO.:** _____ |
| Plaintiff, | |
| vs. | **ORIGINAL COMPLAINT** |
| Rite of Passage, Inc., | **JURY TRIAL REQUESTED** |
| Defendant. | |

Plaintiff Kelli Cline (hereinafter "Plaintiff"), through undersigned counsel, hereby submits the following as her Complaint against Defendant Rite of Passage, Inc. (hereinafter "Defendant"):

## **SUMMARY**

1. Plaintiff brings this action against Defendant for failure to pay overtime wages in violation of the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §§ 201-219.

2. Plaintiff seeks unpaid overtime compensation and liquidated damages owed to her by Defendant for uncompensated overtime hours pursuant to the FLSA.

1

3. Until June 2013, Defendant mistakenly classified Plaintiff – a Licensed Vocational Nurse - as an exempt employee.

4. Defendant consistently required Plaintiff to work well in excess of forty (40) hours per week, without paying Plaintiff regular or overtime wages for hours worked in excess of 40.

5. Defendant intentionally, willfully and improperly failed to pay both regular-time and overtime wages to Plaintiff during her employment, in violation of the FLSA.

## PARTIES, JURISDICITON AND VENUE

6. Plaintiff is and at all relevant times alleged herein was a resident of Maricopa or Pinal County, Arizona. Plaintiff is a full-time non-exempt employee of Defendant and has been for more than three years prior to the filing of this suit.

7. Upon information and belief, Rite of Passage was and is incorporated in Las Vegas, Nevada with its headquarters at 2560 Business Parkway, Suite A, Minden, NV 89423

8. At all times material hereto, Rite of Passage owned and operated its principal place of business in Arizona at a facility doing business as "Canyon State Academy" located at 20061 E. Rittenhouse Road, Queen Creek, Maricopa County, Arizona 85142.

9. Rite of Passage was and is an "enterprise" as defined in 29 USC § 203(s)(1) subject to the requirements of the FLSA.

10. The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §§ 201-219 and 28 U.S.C. §1331.

11. Venue is proper under 28 U.S.C. § 1391(b)(2) because Defendant employed Plaintiff within the state of Arizona and all or a substantial part of the events or omissions giving rise to the claims alleged herein occurred in the state of Arizona.

## FACTUAL BACKGROUND

12. At all relevant times, Defendant was an "employer" and Plaintiff was an "employee" as defined 29 U.S.C. § 203(d).

13. Plaintiff works as a licensed practical nurse (LPN) as Defendant's employee.

14. Plaintiff frequently worked more than 40 hours per workweek.

15. Defendant knew, permitted and/or suffered Plaintiff to work more than 40 hours per workweek.

16. Defendant classified Plaintiff as an exempt employee until 2013.

17. Until June 13, 2013, Defendant paid Plaintiff a salary of $2,272.46 every two weeks.

18. Based on the pay stubs Plaintiff received, this salary was designed to compensate Plaintiff for 80 hours of employment each pay period – 40 each workweek.

19. Plaintiff's regular hourly rate of pay prior to June 13, 2013 for purposes of this suit was $28.40575.

20. On June 13, 2013, Defendant notified Plaintiff in writing that she had been "misclassified as exempt."

21. In that same writing, Defendant requested that Plaintiff "review her past workdays to identify any claims for overtime that were missed."

3

22.     Plaintiff notified Defendant in writing that she had records of her working overtime dating all the way back to 2008.

23.     Defendant notified Plaintiff in writing that overtime pay would only go back to January 2013 because the "reclassification [was] as of the beginning of this year."

24.     On or about July 5, 2013, Plaintiff provided Defendant with records of her overtime worked beginning January 2013 as requested.

25.     To date, though Plaintiff has requested it, Defendant has not paid Plaintiff her overtime for any pay period prior to June 13, 2013.

26.     Since June 13, 2013, Defendant has classified Plaintiff as non-exempt and paid her overtime for hours worked in excess of 40 in any given workweek.

27.     Based on Defendant's promise to pay past-due overtime, Plaintiff delayed in filing this suit, believing that Defendant would keep its promise.

## COUNT ONE
### (Failure to Pay Overtime Wages in Violation of the FLSA)

28.     Plaintiff hereby incorporates all paragraphs and allegations of this Complaint as if fully set forth herein.

29.     At all times pertinent to this Complaint, Plaintiff was an employee of Defendant, and was not covered by an exemption to the FLSA under 29 U.S.C. § 213.

30.     At all times pertinent to this Complaint, Defendant failed to comply with 29 U.S.C. § 207 of the FLSA, as Plaintiff worked for Defendant in excess of 40 hours per week, but Defendant failed to pay Plaintiff for those excess hours at the rate of one and one-half times Plaintiff's regular rate of pay as required by the FLSA.

31. Defendant's failure to pay overtime to Plaintiff was willful and deliberate, as Defendant did not act in good faith in failing to pay proper overtime pay, and had no reason to believe their failure to do so was not a violation of the FLSA.

32. Plaintiff suffered economic damages as a result of the unlawful acts of Defendant and is entitled to all statutory remedies provided pursuant to 29 U.S.C. § 216(b), including but not limited to, attorneys' fees.

33. Plaintiff's regular hourly rate of pay prior to June 13, 2013 for purposes of this suit was $28.40575. 29 C.F.R. § 778.113

34. Her overtime rate of pay was $42.6086. 29 C.F.R. § 778.113

35. Based on Plaintiff's reasonable belief in Defendant's promise to pay her past-due overtime, and Defendant's intent, words, and actions surrounding the making of that promise, Defendant should be equitably estopped from asserting any defense of limitations, which should be tolled for the period beginning three years before June 13, 2013 until the date three years prior to the filing of this suit.

**WHEREFORE,** Plaintiff prays that judgment be entered in her favor and against Defendant with regard to Count One as follows:

A. All unpaid overtime wages unlawfully withheld by Defendant since June 13, 2010;

B. Liquidated damages pursuant to 29 U.S.C. § 216(b) for unpaid overtime wages, to be determined by the Court at trial;

C. Reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

5

D. Such other further monetary, injunctive, equitable and declaratory relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of her claims by jury to the extent authorized by law.

DATED this 3rd of October, 2013.

                                            DAVIS MILES MCGUIRE GARDNER, PLLC

                                            By /s/ Joshua W. Carden
                                                 Joshua W. Carden
                                                 80 E. Rio Salado Pkwy., St. 401
                                                 Tempe, AZ  85281
                                                 *Attorneys for Plaintiff*